UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHEILA INGRAM,

Plaintiff,

v. Case No. 3:08-cv-113-MCR-MD

GANNETT CO., INC., individually and as the sponsor of GANNETT LONG TERM DISABILITY PLAN,

Defendant.

_______________________________/

**JOINT AND STIPULATED PROTECTIVE ORDER ADOPTING AND APPROVING CONFIDENTIALITY AGREEMENT**

As it may be necessary or desirable for Plaintiff, Sheila Ingram, and Defendant, Gannett Co., Inc., individually and as the sponsor of Gannett Long Term Disability Plan (hereinafter each party shall be referred to individually as a "Party" or collectively as the "Parties") to take discovery in this above-styled action (hereinafter referred to as the "Lawsuit") from Parties and non-party witnesses involving trade secrets, confidential information, proprietary information, and non-public technical information and data, the disclosure of which would harm one, some, or all of the Parties to this Lawsuit or third parties, the Parties, by and through their respective counsel, believing that good cause exists for the entry of this order, STIPULATE that the following protective order (hereinafter referred to as the "Protective Order"), subject to the Court's approval and pursuant to Federal Rule of Civil Procedure 26(c), shall govern the handling of such confidential information and documents in these proceedings.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
09 APR -6 PM 2:20
FILED

IT IS ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the following provisions of this Protective Order shall govern the discovery, handling and disclosure of confidential information in this proceeding:

1. Form of Information Governed

This Protective Order shall govern any document, information, data or other thing designated as containing "Confidential Information" as defined herein, and is furnished by any Party or non- party to any Party in connection with this Lawsuit.

2. Scope and Definitions

For purposes of this Protective Order, the following definitions apply:

(a) The term "Confidential Information" shall mean all information, documents or data disclosed to a Party, whether by another Party or any non-party, including, without limitation, all trade secrets; confidential information; proprietary information; technical, research, or development information; computer software, hardware and system designs, structures, flow charts and products; business, commercial, financial, budgeting and/or accounting information; information about existing and potential customers; agreements, contracts and pricing information relating to the Parties and non-parties; marketing studies, performance and projections; business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this Lawsuit have had business relationships; and any other information that is reasonably believed by the producing Party or person to be non-public, proprietary or confidential.

(b) The terms, "designating party or person" or "producing party or person" means the Party, non-party or person (including counsel for the party or person) who is producing information to any other Party.

(c) The terms, "Inspecting Party" or "Receiving Party" means the Party (including outside counsel for the Party) who requests and is the recipient of information supplied by the producing party or person or designating party or person.

(d) All information produced or provided by any Party to another Party prior to the entry of this Protective Order, and which is designated as Confidential Information within thirty (30) days after the entry of this Protective Order, is subject to the terms and conditions of this Protective Order *nun pro tunc* to its production.

(e) The scope of this Protective Order encompasses not only those items, data or things expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral, electronic, satellite or cellular conversation derived therefrom or integrally related thereto. The parties agree to treat as confidential any information produced by a

third party if: (i) the third party has been made aware of and has agreed to or elected to be bound by the terms of this Order, (ii) the third party has marked the documents, data or things produced as confidential pursuant to this Protective Order, and (iii) the documents or things produced fall within this Protective Order's definition of "Confidential Information."

3. Designated Material

(a) In this Lawsuit, any person, entity, Party or a non-party witness (including counsel for the Party or witness) either: (i) producing, formally or informally, information, data or material, including information, data or material from the inspection of files, documents and facilities, and documents or other tangible things obtained or received by outside counsel for either Party pursuant to pretrial discovery in this Lawsuit from any other Party or third-party witness, in response to a discovery request or otherwise; or (ii) providing the Court with any information, data or material, may designate such information or material as Confidential Information under this Protective Order. All such information, data and material and all information, data or material derived from any such designated information or material constitutes "Designated Material" under this Protective Order. Designated Material includes, but is not limited to, documents and tangible things; electronic data, regardless of the format in which such electronic data is stored, responses to requests to produce documents or other things; responses to interrogatories; responses to requests for admissions; questions contained in a deposition upon written questions; transcripts of depositions; oral testimony; recorded statements; affidavits; statements or summaries of information from other sources (whether contained in briefs or other documents); exhibits; any other discovery or disclosures made in this Lawsuit; and, and all copies, extracts, summaries, compilations, designations and portions thereof.

(b) The designation shall be made by marking the material either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or in the case of information from the inspection of files, computers, electronic devices, data storage devices, documents, or facilities, by informing the inspecting party in writing that the information is either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) The "CONFIDENTIAL -ATTORNEYS' EYES ONLY" classification, governs items requiring greater protection from disclosure than the "CONFIDENTIAL" classification, and applies to information that would materially and adversely affect the business, financial, or commercial interests of the Party or person producing such material if such information is disclosed. Materials entitled to protection under the "CONFIDENTIAL-ATTORNEYS' EYES ONLY" include, without limitation, current and former sensitive business plans; proprietary marketing surveys; financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements); actual and prospective customer lists; supplier lists; terms and conditions of agreements and relationships between a Party and a non-party; computer software, hardware and other confidential and proprietary products; documents that identify the terms of any relationships or pricing between the producing

party or person and its customers, business partners or suppliers; and technical information, drawings, diagrams, computer aided design (CAD) drawings and files, flow charts and specifications, and documents relating to the development of future proprietary products, software, systems or processes.

(d) Designation of information or material as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" under this Protective Order shall not create or alter any presumptions of confidentiality recognized under applicable state and federal law.

(e) The Parties acknowledge and agree that certain information may be of such a sensitive nature and value that the classification of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be insufficient. The Party possessing information of this nature may refuse to disclose the same to the Requesting Party; provided, however, that the Requesting Party may object to this refusal pursuant to Section 9 hereof.

4. Access to Designated Material

Designated Material is subject to this Protective Order and shall be retained and maintained in strict confidence by Receiving Party's outside counsel and neither the document nor other material so designated, nor the information disclosed therein, shall be disclosed to or used by any Receiving Party or other person for any reason whatsoever other than as provided below:

(a) Material designated "CONFIDENTIAL".

Material designated "CONFIDENTIAL" shall be disclosed only to:

(1) the Court and Court personnel;

(2) the Parties and clerical employees thereof, provided that, (i) such disclosure is needed to assist in the prosecution or defense of this Lawsuit; (ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons and their clerical personnel; (iii) all employees to whom the material is disclosed are in fact assisting the Party which employs them in the prosecution or defense of the Lawsuit; and (iv) the scope of the Designated Material disclosed to each such employee is limited to material directly relevant to the tasks being performed by the employee to assist in the prosecution or defense of this Lawsuit;

(3) counsel for the Parties and their employees;

(4) testifying experts, consulting experts, investigators, and advisors who are (i) independent of and not employed by the Parties or a competitor of either Party in the fields to which the subject matter

of this Lawsuit pertains, and (ii) retained for purposes of this Lawsuit;

(5) persons testifying in depositions or court proceedings, to the extent the "CONFIDENTIAL" document, data, information or thing was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or data or the contents of the document prior to the testimony; and

(6) other persons agreed to by the Parties in a writing signed by at least one counsel of record for each Party designated in paragraph 4(c) below.

(b) Materials designated "CONFIDENTIAL – ATTORNEY EYES ONLY":

Material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than:

(1) the Parties' outside counsel of record enumerated in subparagraphs 4(c)(1) and 4(c)(2) below, their legal associates, and their non-attorney paralegals, secretaries and clerical staff employed or engaged by outside counsel of record in the preparation for or presentation of this Lawsuit;

(2) the Court and Court personnel;

(3) testifying experts, consulting experts, investigators, and advisors who are (i) independent of and not employed by the Parties or a competitor of either Party in the fields to which the subject matter of this Lawsuit pertains; and (ii) retained for purposes of this Lawsuit;

(4) persons testifying in depositions or court proceedings to the extent the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" document, data, information or thing was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or data or the contents of the document prior to the testimony; and,

(5) other persons agreed to by the Parties in a writing signed by at least one counsel of record for each Party designated in paragraph 4(c) below.

Material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" specifically shall not be disclosed to the officers, directors, members and/or employees of the Parties.

(c) Designation of Counsel:

Each Parties' counsel of record is as follows:

(1) Outside counsel for Plaintiff is Stephanie A. Taylor, Esquire, Taylor, Warren & Weidner, P.A., 1823 N. 9th Avenue, Pensacola, Florida 32503.

(2) Outside counsel for Defendants is Timothy J. Conner of Holland & Knight LLP, 50 North Laura St., Suite 3900, Jacksonville, Florida, 32202.

(d) Each person in paragraphs 4(a) and (b) above-other than: (i) the specific outside counsel enumerated in paragraph 4(c) above, (ii) their full-time employed legal associates and non-attorney paralegals, secretaries and clerical staff who are exposed to the Confidential Information for the purpose of performing ministerial tasks in connection with the Lawsuit, and (iii) the Court and Court personnel – shall be provided with a copy of this Protective Order and shall execute the "Declaration and Agreement to be Bound by Joint and Stipulated Protective Order Adopting and Approving Confidentiality Agreement" attached to this Protective Order as **Exhibit "A,"** (hereinafter referred to as the "Declaration") agreeing in writing to be bound by the terms and conditions of this Protective Order and subjecting himself or herself to the jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Protective Order.

(e) Except as provided in this Section, outside counsel for each Party shall maintain all Designated Material in their exclusive custody and at all times at their offices. Persons authorized by this Protective Order to have access to Designated Material may review such materials either: (i) in the offices of counsel of record for the Receiving Party; or (ii) elsewhere when in that counsel's presence and under that counsel's supervision. In either instance the Receiving Party shall only view the Designated Material and may not take notes regarding or copies of any Designated Material identified as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" with them following the review.

(f) The counsel of record for each of the Parties shall be responsible for designating the people to whom documents, data or information designated as confidential under this Protective Order is to be shown and shall retain all of the original, executed Declarations (in the form attached hereto as **Exhibit "A"**). On or before the discovery cut-off date set forth in the Case Management and Scheduling Order and any Court Ordered extensions or modifications thereto, each Party's counsel shall serve upon opposing counsel by facsimile transmission, hand delivery or overnight courier all Declarations in the form of **Exhibit "A"** executed by all persons, except non- discoverable work product consultants, to whom counsel has shown any documents, data or information designated as "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY". However, no later than fifteen (15) days after the final termination of this Lawsuit, whether by final judgment, voluntary or involuntary dismissal with or without prejudice, or settlement, including the expiration of any time for appeal, each Party's counsel shall served upon opposing counsel by facsimile transmission, hand delivery or overnight courier all Declarations in the form of **Exhibit "A"** executed by each and every person, whether or not such person's disclosure or identity is privileged or non-discoverable, to

whom counsel has shown any documents, data or information designated as "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY". The identification of persons under this subparagraph shall include full name, address, present employer(s), positions and responsibilities, and a statement concerning any involvement or affiliation, including stock ownership, with the parties to this Lawsuit or any corporate entity related to a Party.

(g) Documents, data, information and tangible things produced for inspection for the purpose of allowing the opposing Party's outside counsel to select items for copying shall be treated as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" pursuant to this Protective Order until copies of the documents, data, information and things are produced, at which time they shall be handled pursuant to this Protective Order based upon the designation, if any, marked by the producing party. The producing party shall make such designations and produce copies of the documents, data, information and tangible things selected by outside counsel for the opposing party within thirty (30) calendar days of the inspection by outside counsel for the opposing party, unless the Parties agree to a different production deadline in a writing executed by at least one (1) counsel of record for each Party designated in Paragraph 4(c) above.

5. Use of Designated Material

(a) Use by Recipients. Designated Material shall not be used by a recipient thereof or disclosed for any purpose other than for litigation of this Lawsuit, unless agreed to in writing by all Parties or as authorized by further order of the Court.

(b) Court Reporters and Interpreters. Court reporters and interpreters, such as may be present at depositions, shall be presented with a copy of this Protective Order and must acknowledge the obligation to be bound by its terms before any Designated Material is revealed to them.

(c) Copies. Copies and extracts of Designated Material may be made by receiving parties provided that all copies and extracts are appropriately marked. All such copies and extracts are subject to paragraph 11 of this Protective Order.

(d) Derivative Documents. Documents, data or information created in whole or in part with information or data derived from documents, data or information designated under this Protective Order shall be designated in the same manner as the source documents, data or information.

(e) Party's Own Information. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a Party from another Party, or from a non-party who has designated information, documents or data or things it has produced as confidential pursuant to this Protective Order.

(f) Authors and Addressees. The designation of any document, information, data or thing as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not preclude any Party from showing the document, data or information to any person who is identified by the document, data or information as being its author. However, such author shall execute a Declaration in the form

of **Exhibit "A"** and counsel shall deliver a copy of the executed Declaration to the designating Party pursuant to the terms of paragraph 4(f) hereof in the event other documents, data or things disclosed to such author are designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and were not authored by such person. In the event the disclosure of the non-authored Designated Material is made in an oral deposition of the author of the material, the Declaration must be executed by the author prior to the disclosure and a copy of the executed Declaration shall be furnished to opposing counsel at the conclusion of the oral deposition.

6. Designating Documents and Materials.

When a producing party or person wishes to designate data, information or a document or any portion of the same as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," such designation shall be made in the following manner: (1) For documents, by conspicuously placing an appropriate legend on each page of the document; (2) For tangible objects, by conspicuously placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed by counsel for the Parties; (3) For written discovery responses including, without limitation, responses to interrogatories, requests for admission or questions of a deposition upon written questions, by conspicuously marking the face of such response in accordance with paragraph 3(b) hereof; (4) For affidavits, declarations or pleadings, by conspicuously placing an appropriate designation in writing in both the text of the affidavit, declaration or pleading and on the face of any such declaration, affidavit or pleading; (5) For depositions, by following the procedure set forth in paragraph 7; and (6) For oral disclosures (other than deposition testimony) which are the subject of paragraph 2(d) above, by oral communication contemporaneous with the disclosure followed by confirmation in writing within fifteen (15) calendar days of the disclosure thereof. For a designation made in the manner of (1) through (4) above, such designation shall be made at the time of production or within five (5) working days thereafter.

7. Designating Depositions

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL"or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a Party or person either: (i) during the deposition prior to the use, disclosure or testimony of the Confidential Information, in which case the transcript of the designated testimony shall be transcribed on separate pages and marked by the reporter, as the designating party or person may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, within thirty (30) days after the reporter sends the transcript to counsel of record, in which case the court reporter shall mark the designated portion in the original transcript (including any exhibits marked or discussed in the designated portion of the original manuscript) as though that portion was timely designated during the deposition session. Counsel receiving such notice shall be responsible for destroying any copies of the improperly designated transcript or portion thereof in their possession or control upon the availability of the properly designated transcript from the court reporter. Pending expiration of the thirty day period under (ii), deposition transcripts and exhibits not previously produced shall be treated as if they had been designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b) Where testimony is designated during a deposition, the designating party or person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 4 of this Protective Order. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness he need not answer a question seeking or requiring the revelation of Designated Material. The exclusion of persons from oral depositions based on confidentiality concerns shall be limited to portions of the deposition testimony that may be appropriately designated under this Protective Order.

(c) Any Party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Protective Order. In addition, Designated Material may be used by the Receiving Party in deposing the designating party or person, and in deposing any directors, officers, employees, agents, or attorneys of such designating party or person.

8. Court Procedures

(a) Before filing any Designated Material with the Court, the Party seeking to file such materials must obtain the written consent of the other Party to do so, or file a motion for leave to file the Designated Material under seal pursuant to Rule 26(c), Federal Rules of Civil Procedure.

(b) If the Court grants a motion to file the Designated Material under seal, all submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the style of the particular action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

9. Objections

(a) The restrictions on dissemination of Confidential Information contained herein shall not apply to information which, prior to disclosure hereunder (including any disclosure which pre-dates this Protective Order, as contemplated in paragraph 2(d) hereof), is either in the possession or knowledge of the inspecting party as evidenced by written and dated records, who absent this Protective Order, is under no restriction with respect to the dissemination of such Confidential Information, or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a Party or person receiving the information designated under this Protective Order.

(b) This Protective Order shall be without prejudice to the right of the inspecting party to bring before the Court at any time the question of whether any information designated as confidential is properly designated.

(c) The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" a "CONFIDENTIAL -ATTORNEYS' EYES ONLY" shall rest on the Party or person making such designation. Any designation challenged by the opposing party shall remain in effect until changed by order of the Court or by specific written agreement of the designating party or person.

(d) The Court may award sanctions on a motion concerning any designation made hereunder if it finds that the designating party or person's position with respect to the designation was taken without substantial justification or in bad faith.

10. No Prejudice

(a) Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery pursuant to applicable state and federal law.

(b) Nothing in this Protective Order shall preclude any Party from seeking and obtaining additional or different protection for any information or relief from any provision of this Protective Order, nor shall any Party be precluded from claiming that any information designated hereunder is not entitled to protection other than as designated.

(c) A Party has the right to seek any appropriate remedies and sanctions including, without limitation, injunctive relief and specific performance, from the Court for any violations of this Protective Order.

(d) Each Party shall be an express and intended third party beneficiary to each executed Declaration. In the event of a breach of a Declaration, the person executing the Declaration may be sanctioned by the Court for contempt or other penalty and/or may be liable to the designating party of the Confidential Information or Designated Material for damages. Nothing in this Protective Order or in the Declaration shall be construed to apply to, limit or affect the right of any Party to pursue preliminary or permanent injunctive relief to prevent the threatened, commenced but not completed, or continuing breach or attempted breach of any of the provisions of this Protective Order or the Declaration pertaining to the protection of Confidential Information or Designated Material.

(e) This Protective Order shall not diminish any existing obligation or right with respect to Designated Material or Confidential Information, nor shall it prevent a disclosure to which the designating party or person consents in writing before the disclosure takes place.

(f) A Party may seek to make late designations of discovery by stipulation or court order if the Party failed to make a timely designation pursuant to this Protective Order through mistake or inadvertence.

(g) Nothing in this Protective Order shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this Lawsuit. This Protective Order is without prejudice to the right of any Party to

bring before the Court at any time any issue related to the discoverability or admissibility of any particular information in this Lawsuit and such right is expressly preserved.

11. Final Disposition.

(a) Not more than Forty-Five (45) days after the final termination of this Lawsuit, whether by final judgment or settlement, including the expiration of any time for appeal:

(1) The Clerk of the Court shall return to the Party that filed them all documents and things sealed pursuant to this Protective Order; and

(2) Each Receiving Party shall be under an obligation to assemble and return to the producing party or person all Designated Material produced in the Lawsuit that contains Confidential Information still subject to this Protective Order, including Derivative Documents and all copies thereof; provided, however, outside counsel of record may destroy any such materials with the express written permission of the opposing party or its counsel.

(b) Notwithstanding the provisions of paragraph 11(a), outside counsel for a Receiving Party may retain one copy of pleadings, attorney and consultant work product, Designated Material, and depositions taken in this Lawsuit which contain Confidential Information that remains subject to this Protective Order. Such outside counsel will continue to be bound by this Protective Order for as long as he possesses any Confidential Information or Designated Material subject to this Protective Order.

12. Modification. The restrictions imposed by this Protective Order may only be modified or terminated by further order of this Court. Either Party may apply to the Court for a modification to this Protective Order.

13. Survival. This Protective Order shall survive any settlement, judgment, dismissal or other disposition or conclusion of this Lawsuit and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce and ensure compliance with the terms of this Protective Order and to grant modifications to this Protective Order and such other relief as may be necessary.

14. Unauthorized Disclosure

(a) If any Confidential Information submitted by a producing party or person under the terms of this Protective Order is disclosed by a Receiving Party to any person other than in the manner authorized by this Protective Order, the Receiving Party responsible for the disclosure shall bring all pertinent facts relating to the disclosure of the Confidential Information to the immediate attention of the producing party or person. Without prejudice to any right or remedy of the producing party or person, the Receiving Party responsible for the unauthorized disclosure shall make every effort to rectify the prohibited disclosure and prevent further disclosure by it or by the person who was the unauthorized recipient of the Confidential Information.

(b) Any Confidential Information that is inadvertently disclosed to any person other than in the manner authorized by this Protective Order shall retain its confidentiality designation and shall be treated as Confidential Information pursuant to this Protective Order.

(c) Inadvertent production of documents subject to the work product doctrine and attorney-client privilege shall not constitute a waiver of the immunity or privilege. However, the producing party must notify the Receiving Party in writing of such inadvertent production within ten (10) days of such party's actual discovery of the inadvertent production. Such inadvertently produced documents, and all copies made or possessed thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall prevent the Receiving Party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either Party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to the work product doctrine, and the attorney-client privilege following expiration of the ten (10) day period.

15. Binding on the Parties. The Parties agree to abide by and be bound by the terms of this Protective Order upon signature by their attorneys below. By executing this Protective Order, each Party's counsel represents to this Court that their respective clients agree to be bound by their signature.

The foregoing Protective Order is hereby DONE AND ORDERED in Chambers in Pensacola, Escambia County, Florida, this 6th day of April 2009.

M. Casey Rodgers
United States District Judge

The terms of the foregoing Protective Order are hereby acknowledged and agreed to by the Parties to this action by and through their undersigned counsel of record:

Dated: April 6, 2009

By: *s/ Stephanie A. Taylor*

Stephanie A. Taylor, Esquire
Florida Bar No. 984541
Taylor, Warren & Weidner, P.A.
1823 N. 9th Avenue
Pensacola, Florida 32503
Tel: (850) 438-4899
Fax: (850) 438-4044
staylor@twwlawfirm.com
Attorneys for Plaintiff

Dated: April 6, 2009

By: *s/ Timothy J. Conner*

Timothy J. Conner
Fla. Bar No. 767580
50 North Laura Street
Suite 3900
Jacksonville, Florida 32202
Tel: (904) 353-2000
Fax: (904) 358-1872
timothy.conner@hklaw.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHEILA INGRAM,

Plaintiff,

v. Case No. 3:08-cv-113-MCR-MD

GANNETT CO., INC., individually and as the sponsor of GANNETT LONG TERM DISABILITY PLAN,

Defendant.

_______________________________/

**EXHIBIT "A"**

**DECLARATION AND AGREEMENT TO BE BOUND BY JOINT AND STIPULATED PROTECTIVE ORDER ADOPTING AND APPROVING CONFIDENTIALITY AGREEMENT**

DECLARATION OF ______________________ (Name of Declarant)

I, ____________________________, declare as follows:

1. My address is,

2. My present employer is located at

3. My present occupation or job description is

4. I have received a copy of the Joint and Stipulated Protective Order Adopting and Approving Confidentiality Agreement (hereinafter referred to as the "Protective Order") entered in the above-styled action on __________________, 2009.

5. I have carefully read and understood the provisions of the Protective Order and this Declaration.

6. I will comply with each and every provision of the Protective Order and this Declaration and agree to be personally bound thereby.

7. I understand and agree that each of the parties to the Protective Order is an express and intended third party beneficiary hereunder and may seek to specifically enforce this Declaration and the Protective Order against me. I acknowledged that everything disclosed to me and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is critical to the party owning or possessing such information. Such information's use or disclosure in violation of this Declaration may result in extreme and irreversible harm. I agree that should I breach any provision of this Declaration, the party owning the confidential or proprietary information disclosed to me pursuant to the Protective Order and this Declaration is entitled to recover damages from me. I further understand that should I breach any provision of this Declaration, I may be sanctioned by the Court, including being held in contempt of Court. Nothing in this Declaration shall be construed to apply to, limit or affect the right of any party to pursue preliminary or permanent injunctive relief against me to prevent my threatened, commenced but not completed, or continuing breach or attempted breach of any provisions of this Declaration, and if successful, from obtaining a reasonable attorneys fees and costs incurred by such party in order to enforce the terms of this Declaration and the Protective Order.

8. I will hold and maintain in strict confidence any information or documents disclosed to me and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." I will not disclose such information or documents to anyone not designated in the Protective Order, and will not use the same for any purpose whatsoever except for the sole purpose of assisting counsel for the Party in the above- styled action who disclosed or furnished to me such information or documents, and strictly according to such Party's express direction.

9. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which may come into my possession, and documents or things which I may prepare relating thereto; to counsel for the Party who disclosed or furnished such documents to me promptly upon the request of counsel.

10. I hereby submit to the subject matter jurisdiction and jurisdiction over my person of the Court in the above-referenced action for the purpose of enforcing against me the terms of the Protective Order and this Declaration.

I ACCEPT AND AGREE TO THESE TERMS, INTENDING TO BE LEGALLY BOUND, AND DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING INFORMATION SUPPLIED BY ME IS TRUE AND CORRECT.

Executed on ______________________ in ______________________________________.
(Date) (City and State/Province)

______________________________________
(Signature)

______________________________________
(Print name here)

# 6222170_v1